IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2018 FEB 22 PM 5:04
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

T.W., by next friend K.J.,
       Plaintiff,
-vs-

LEANDER INDEPENDENT SCHOOL
DISTRICT,
       Defendant.

CAUSE NO.:
AU-17-CA-00627-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendant Leander Independent School District (Leander)'s Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim [#9], Plaintiff T.W.'s Response [#10] in opposition, and Leander's Reply [#28] in support, as well as Leander's Motion to Dismiss for Lack of Jurisdiction [#31], Plaintiff's Response [#33] in opposition, and Leander's Reply [#34] in support. Having reviewed the documents, the relevant law, the arguments of counsel, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

This is an IDEA case. In the administrative proceedings below, the Special Education Hearing Officer (SEHO) found in favor of Defendant Leander Independent School District (Leander). Compl. [#1]. Plaintiff T.W., by next friend K.J., subsequently filed a complaint with this Court requesting review of the SEHO decision. *Id.* Plaintiff's amended complaint asserts claims under § 504 and the ADA as well as under the IDEA. Am. Compl. [#5].

On June 26, 2017, Plaintiff timely filed a complaint requesting review of the SEHO decision. Compl. [#1]. However, Plaintiff did not file proof of service of process at that time, and

1

on September 14, 2017, this Court ordered Plaintiff to file proof of service of process by September 30 or else have the action dismissed for failure to prosecute. Order of September 14, 2017 [#4]; s*ee also* FED. R. CIV. P. 4(m) (allowing Court to dismiss action if plaintiff fails to effect service within 90 days or, in the alternative, allowing the Court to order service by a particular date). In a later submission to this Court, Plaintiff's counsel states she asked Leander to waive service of process on September 28, two days before the Court-imposed deadline for service of process. Resp. Mot. Dismiss [#10-4] Ex. D. Leander refused. Plaintiff then attempted to serve Leander on September 29. *Id.* [#10-1] Ex. F. Plaintiff states the attempt failed because the process server could not gain access to the locked administrative building. *Id.* Eventually, Plaintiff managed to serve Leander's general counsel, Jennifer Wells, on October 2. *Id.*

## Analysis

Leander moves to dismiss for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim on which relief can be granted. Mot. Dismiss [#9]; Mot. Dismiss [#31]. Leander also argues Plaintiff should not be allowed to pursue claims raised in the amended complaint which do not "relate back" to the original complaint. *Id.* The Court disposes of these contentions in turn.

### I.    Insufficient Service of Process

Leander moves to dismiss for insufficient service of process on the ground Plaintiff failed to file within the 90-day period set forth in Federal Rule of Civil Procedure 4(m). Alternatively, Leander argues the Court should dismiss for insufficient service of process on the ground Plaintiff failed to comply with this Court's September 14, 2017 order mandating Plaintiff file proof of service by September 30, 2017.

2

The Court declines to dismiss Plaintiff's suit for insufficient service of process. Rule 4(m) does not mandate the Court dismiss Plaintiff's suit for failure to effect service within 90 days. Rather, Rule 4(m) gives the Court the option of either (1) dismissing the action without prejudice, or (2) ordering service be made within a specified time. In this instance, the Court ordered Plaintiff to file proof of service by September 30, 2017. FED. R. CIV. P. 4(m). After Leander refused to waive service of process, Plaintiff made a good faith (albeit dilatory) effort to comply with the Court's order, eventually serving Leander with a summons on October 2, 2017. In these circumstances, the Court finds Plaintiff's suit should not be dismissed for insufficient service.

## II. Lack of Subject Matter Jurisdiction

Leander moves to dismiss for lack of subject matter jurisdiction on the ground Plaintiff's suit is barred by the statute of limitations. It is undisputed Plaintiff filed suit within the 90-day window for appeal of an SEHO decision. *See* 20 U.S.C. § 1415(i)(2)(B). However, it is Leander's contention that by failing to effect service of process in a timely fashion, Plaintiff allowed the original complaint to "lapse," and during this lapse, the statute of limitations expired.

As the Court has explained above, the Court has found Plaintiff's service of process, although less than prompt, was not so dilatory as to merit dismissal of Plaintiff's suit. Insofar as the Court has found Plaintiff's service to be adequate, it follows that Plaintiff's complaint did not "lapse" and that therefore, the statute of limitations did not somehow[1] expire during the pendency of Plaintiff's lawsuit. In sum, the Court declines to dismiss for lack of subject matter jurisdiction.

---

[1] Leander cites no legal authority for its argument that failure to timely serve a Defendant automatically renders a complaint a 'legal nullity' for the purposes of the statute of limitations. *See* Second Am. Compl. [#31] at 5–6.

3

## III. Failure to State a Claim

Leander argues Plaintiff has failed to state a claim for relief under § 504[2] because (1) Plaintiff's § 504 claims are not independent of his IDEA claims, and (2) Plaintiff has failed to plead facts stating a claim for relief under the ADA and § 504.

First, Leander argues a § 504 claim may only be sustained on its own if it is "independent" of the IDEA claim. As far as the Court can tell, Leander is asking this Court to apply issue preclusion *at the outset of the litigation* to bar Plaintiff from presenting alternative legal theories as a basis for relief. None of Leander's cited cases support this proposition, and the Court rejects it out of hand. *Cf. C.G. ex rel. Keith and Linda G. v. Waller Indep. Sch. Dist.*, 697 Fed. App'x 816, 820–21 (5th Cir. 2017) (rejecting plaintiff's § 504 claim for denial of a FAPE because the court had *already* concluded plaintiff had been provided a FAPE); *Pace v. Bolagusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc) (considering whether issue preclusion barred consideration of plaintiff's § 504 claims where district court had *previously* rejected plaintiff's IDEA claims); *see generally Fry v. Napolean Cmty. Schs.*, 137 S. Ct. 743 (2017) (making clear that plaintiffs may bring claims alleging denial of a FAPE under both the IDEA *and* § 504).

Second, Leander argues Plaintiff has failed to state a claim for relief under § 504. Plaintiff brings claims under two of the implementing regulations for § 504. However, the Court finds Plaintiff has pled sufficient facts to state a claim for relief under § 504, and accordingly, Leander's motion to dismiss for failure to state a claim is denied.

## IV. Relation Back of Amended Complaint

---

[2] Though Plaintiff has asserted claims under both § 504 and the ADA, the Court will collectively refer to these claims as "§ 504 claims" because the same legal standard applies to both claims. *See D.A. ex rel. Latasha A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010).

4

Under Federal Rule of Civil Procedure 15(c), an amendment to a pleading relates back to the date of the original pleading for statute of limitations purposes when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). Leander argues two of Plaintiff's claims—regarding prior written notice required under the IDEA and Leander's alleged refusal to review an independent educational evaluation (IEE)— do not relate back to the date of the original complaint for statute of limitations purposes because the original complaint "did not put Leander on notice that Plaintiff had any concerns" regarding these issues. In essence, Leander contends the original complaint could not put Leander on notice as to later added claims, unless those claims were already included in the original complaint.

Leander's tautological argument has no merit. The Court finds Plaintiff's original complaint put Leander on notice that Plaintiff's civil action would seek to challenge the findings and decision reached by the Special Education Hearing Officer (SEHO) in the proceedings below. Though Plaintiff's amended complaint adds two new legal theories as to how the SEHO's decision may be infirm, these new claims, like the original complaint, arise out of the SEHO's findings and decisions in the administrative proceeding below. Therefore, the Court finds Leander had fair notice of the nature of Plaintiff's claims. *See, e.g., Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir. 1968) ("The purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation."). Accordingly, the Court finds the claims in Plaintiff's amended complaint properly relate back to the original complaint for the purpose of the statute of limitations.

## Conclusion

IT IS ORDERED that Leander's Motion to Dismiss for Insufficient Service of Process and Failure to State a Claim [#9] is DENIED; and

IT IS FURTHER ORDERED that Leander's Motion to Dismiss for Lack of Jurisdiction [#31] is DENIED.

SIGNED this the 22nd day of February 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE